# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| JAMES F. MCAULIFFE ) | Chapter 7 |
| ) | Case No. 16-11089-MSH |
| Debtor. ) | |

## CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DISCOVERY

John O. Desmond, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate of James F. McAuliffe (the "Debtor"), respectfully moves this Court pursuant to Rule 37 of the Fed. R. Civ. P. and MLBR 7037 for the entry of an order compelling the Debtor to produce certain documents requested by the Trustee on July 7, 2016, which the Trustee requires in order to administer the Debtor's bankruptcy estate.

In support of this Motion, the Trustee states as follows:

1. On March 28, 2016, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2. The Debtor is currently employed as the chief executive officer of a solar energy development firm, Omni Navitas Holdings, LLC ("Omni"). Despite his title as CEO, the Debtor maintains that his wife and not he, holds a 50% ownership interest in Omni through Cambridge Omni, LLC. Notwithstanding the Debtor's assertion, the Trustee has obtained documents from creditors of the Debtor indicating that the Debtor, and not his wife, held himself out as a 50% owner of Omni. Therefore, part of the Trustee's investigation relates to the Debtor's interest in Omni and the value of that interest.

3. The Debtor is a sophisticated real estate developer who was the owner and operator of numerous real estate development entities. According to the Debtor's Schedule F

7832502v3

filed on March 28, 2016, the Debtor scheduled nearly $42 million of unsecured debt, most of which related to failed real estate developments.

4. Pages 9 through 15 of Debtor's Statement of Financial Affairs [Docket No. 19] identifies 41 separate entities that were owned and or controlled by the Debtor related to his real estate development activity. The Omni bank statements reflect in excess of $200,000 was paid to the Debtor or one of his affiliated entities as "reimbursements" within two years of the Petition Date though no source documents evidencing the obligations has been produced. Given the substantial transfer of funds from Omni to the Debtor and his affiliated entities and the fact that the Debtor incurred liabilities in excess of $40 million in connection with his real estate development activities, it is imperative that the Trustee obtain the bank records of the various entities affiliated with the Debtor.

5. On March 29, 2016, the Trustee was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate.

6. On July 7, 2016, the Trustee sent a letter to the Debtor requesting the production of documents, from January 1, 2012 to July 7, 2016, in order to facilitate the Trustee's review of the Debtor's financial affairs and his potential ownership interest in Omni (the "Document Request"). A true and accurate copy of the Document Request is attached hereto as Exhibit A.

7. On August 25, 2016, the Debtor produced an extremely limited set of documents to the Trustee in response to the Document Request. In particular, the Debtor produced tax returns for 2013-2015, personal bank statements from 2012-2016, and a various Omni documents.

8. On September 8, 2016, Counsel for the Debtor, Counsel for the Trustee, and the United States Trustee held a telephonic conference regarding the Debtor's document production

to date and whether the Debtor intended to produce all of the responsive documents.

9. On September 24, 2016, the Debtor produced documents pertaining only to a limited number of the requests as set forth in the Document Request, and for the documents which were produced the Debtor's document production was incomplete. In particular, the Debtor only produced tax returns for the Abbott Real Estate Development LLC ("Abbott") and Omni entities, Omni bank account documents from April 30, 2015 through August 31, 2016, and a general ledger for Omni from April 1, 2015 through September 15, 2016.

10. Pursuant to e-mail correspondence exchanged between Counsel for the Trustee and Counsel for the Debtor on September 29, 2016, on September 30, 2016 Counsel for the Trustee held a telephonic discovery conference pursuant to MLBR 7037 with the Debtor and Counsel for the Debtor regarding the outstanding document production to be produced by the Debtor pursuant to the Document Request and whether the Debtor intended to produce the remaining responsive documents.

11. On October 12, 2016, as a follow-up to the discovery conference held on September 30, 2016, the Trustee sent a letter to Counsel for the Debtor regarding the Debtor's still incomplete production of documents in response to the Document Request and outlined the documents Debtor agreed to produce (the "Follow-up Document Request"). A true and accurate copy of the Follow-up Document Request is attached hereto as Exhibit B.

12. Thereafter, on November 9, 2016, the Debtor produced additional documentation and information (the "Debtor's November 9th Response"). Nevertheless, the Debtor's November 9, 2016 Response was deficient in numerous ways and again failed to produce all documents requested by the Document Request. In particular, the Debtor did not produce the following:

(a) any underlying source documents for substantial deposits made in the Debtor's

3

personal banking accounts[1] and relating to reimbursements to Debtor and third parties on behalf of the Debtor from the Omni bank accounts in excess of $200,000;

(b) bank records for Abbott or any Abbott affiliate including monthly bank statements and cancelled checks from January 2012 through the closing of the accounts;

(c) valuation documents for Omni,

(d) any internal communications (including email correspondence) regarding the formation of Omni and Cambridge Omni, LLC and the allocation of ownership interests in those entities;

(e) budgets and financial performance projections for Omni;

(f) underlying documents pertaining to monthly payments made from Debtor to Attorney Robert Fierman, counsel for one of the Debtor's creditors.

A true and accurate copy of the Debtor's November 9th Response is attached hereto as Exhibit C.

13. On December 22, 2016, the Trustee sent an additional letter to the Debtor regarding the Debtor's continued failure to fully produce all documents requested by the Document Request (the "Second Follow-up Document Request"). A true and accurate copy of the Second Follow-up Document Request is attached hereto as Exhibit D.

14. Despite the Trustee's Follow-up Document Request and Second Follow-up Document Request, on January 25, 2017, over a month after the Second Follow-up Document Request, the Debtor did not provide any documents responsive to the Document Request or follow-up letters and instead provided a three-page letter ("January 25, 2017 Response") with summary responses to each of the issues raised by the Trustee in the Second Follow-up Request.

---

[1] As set forth in the Debtor's Letter, the Debtor claimed that he does not have any other records other than the bank account statements.

4

A true and accurate copy of the January 25, 2017 Response is attached hereto as Exhibit E.

15. On January 31, 2017, Counsel for the Trustee e-mailed Counsel for Debtor regarding the still remaining outstanding production of documents by the Debtor pursuant to the Document Request and requested a further telephonic conference to discuss the Debtor's continued failure to produce all documents requested by the Trustee in the Document Request.

16. On February 9, 2017, Counsel for the Trustee held a telephonic conference with Counsel for the Debtor regarding outstanding issues which remain over six months after the initial Document Request and discussed the Debtor's continued failure to produce all documents requested by the Trustee in the Document Request. Counsel to the Trustee advised Counsel to the Debtor that the Trustee would be filing a Motion to Compel in light of the parties' inability to resolve all discovery disputes.

17. As of the date of this Motion, the Debtor's production of documents requested by the Trustee remains incomplete. In particular, the Trustee is still missing the following categories of documents:

(a) a complete list of all financial accounts for all of the Debtor's business entities identified on pages 9-15 of the Debtor's amended Statement of Financial Affairs [Docket No. 19] and bank account statements and check images relating to same from January 1, 2012 through closing of the accounts[2];

(b) valuation documents, offerings, solicitations, agreements, current financials, balance sheets, and financial performance projections for Omni created from January 1, 2013 through the present;

(c) all agreements entered into between Omni and any third-party which are intended

---

[2] On February 17, 2017 the Debtor indicated in an email correspondence that "the only two entities that had checking accounts were Abbott Real Estate Development, LLC and Abbott Homes, LLC."

to generate revenue for Omni, directly or indirectly, including Omni's agreement with the MBTA (which Counsel for the Trustee learned about through a newspaper article);

(d) all communications, including e-mails, pertaining to the formation of Omni and Cambridge Omni LLC and the allocation of ownership interests in those entities as well as any amendments or changes to ownership interests or the Operating Agreement for those entities[3];

(e) all underlying source documents for all "BKOFAMERICA ATM" deposits made in Debtor's personal account[4];

(f) all underlying source documents for all payments made by Omni to the Debtor on account of Abbott or any entity affiliated with Abbott or the Debtor [5]; and

(g) all underlying source documents for all "reimbursements" made in the Debtor and third-parties from any Omni account[6] as identified in the Omni "QuickReport" provided by the Debtor.

18. The Trustee has attempted to work with the Debtor on numerous occasions and has granted numerous extensions since last September to give the Debtor an opportunity to produce all requested documentation. The Debtor's continued failure to produce all requested documentation, or provide a complete response in the alternative, if such documents do not exist, has left the Trustee no choice but to seek an order requiring the Debtor to fully produce or otherwise respond to the Trustee's Document Request. Absent an order from this Court

---

[3] The Debtor has indicated that there are no internal "memos" regarding these matters but has not denied that there were no e-mails regarding same. The Trustee finds it hard to believe that there were no written communications concerning the allocation of ownership interests in Omni which the Debtor promoted as having a projected value by 2020 of $22,221,348 (conservative) to $44,442.697 (realistic).

[4] In the one year prior to the Petition Date, there were over 30 ATM deposits to the Debtor's personal account totaling over $100,000.

[5] The amount of those payments in the one (1) year prior to the Petition Date appear to exceed $65,000.

[6] According to the QuickReport produced by the Debtor, the Debtor received in excess of $150,000 in the form of "reimbursements from Omni."

compelling the Debtor to produce the requested documents, the Trustee will be unable to properly administer this bankruptcy estate.

    WHEREFORE, John O. Desmond, the duly appointed Chapter 7 Trustee, respectfully request that this Court enter the form Order filed herewith compelling the Debtor to produce all of the documents identified in paragraph 16 within fourteen (14) days.

    Respectfully submitted,

    JOHN O. DESMOND, CHAPTER 7
    TRUSTEE OF THE ESTATE OF
    JAMES F. MCAULIFFE

    By his counsel,

    /s/ Thomas S. Vangel
    Thomas S. Vangel, Esq. BBO #552386
    Anthony R. Leone, Esq. BBO #681760
    Murtha Cullina LLP
    99 High Street
    Boston, MA 02110
    617-457-4000 Telephone
    617-482-3868 Facsimile
    tvangel@murthalaw.com
    aleone@murthalaw.com

Dated: February 21, 2017

## CERTIFICATE OF SERVICE

I, Thomas S. Vangel, hereby certify that on February 21, 2017, a copy of ***Chapter 7 Trustee's Motion to Compel Discovery, Statement of Compliance, and Order*** was served through the Court's electronic filing system on all parties registered to receive electronic notice.

*/s/ Thomas S. Vangel*_____
*Thomas S. Vangel*