UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) | |
| JAMES F. MCAULIFFE | ) | Chapter 7 |
| Debtor | ) ) | Case No. 16-11089-MSH |

RESPONSE OF DEBTOR TO DOCUMENT NO. 67
CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DISCOVERY

To the Honorable Melvin S. Hoffman, Bankruptcy Judge:

The above captioned Debtor, by and through his undersigned Counsel, submits the following response to the Chapter 7 Trustee's Motion to Compel Discovery (hereinafter the "Motion"). The Motion was filed on February 21, 2017 and pursuant to applicable local rules responses thereto are due on March 7, 2017.

1. Admitted.

2. The first sentence of paragraph 2 is admitted but the Debtor's ownership in Omni (as that term is defined in the Motion) is denied.

3. Admitted.

4. The Debtor indicates that all bank records requested by the Trustee and in possession of the Debtor had been timely provided. Recently bank statements from the Bank of America regarding one of the affiliated entities, Abbott Real Estate Development, LLC were obtained from the Bank of America and were provided to the Trustee's Counsel shortly after receipt of said statements from the Bank of America in late February.

1

5. Admitted.

6. Admitted.

7. The Debtor denies that the August 25, 2016 production of documents was extremely limited.

8. Admitted.

9. The Debtor denies that the September 14, 2016 document production was limited as described by the Trustee.

10. The Debtor admits the contents in paragraph 10.

11. The Debtor admits the contents of Exhibit B.

12. The Debtor admits producing additional documents on November 9, 2016 and believes that all documents were produced except for bank statements that were ultimately obtained from the Bank of America.  Said bank statements were not in his possession at any time prior to late February, 2017.

13. The Debtor admits receiving an additional letter from the Trustee.

14. The Debtor admits the responses contained in Exhibit E.

15. Admitted.

16. Admitted.

17. The Debtor believes that all documents have been provided as requested except for "all agreements entered into between Omni and any third-party which are intended to generate revenue for Omni, directly or indirectly including Omni's agreement with the MBTA" – the Debtor believes that these documents, which relate to post-petition activities of Omni are irrelevant.

18. The Debtor admits that the Trustee and he have been working together to provide the documents but the Debtor believes that all documents except as indicated in paragraph 17 above have been provided.

WHEREFORE, the Debtor requests that this Court deny the relief requested in the Motion.

                                                James F. McAuliffe
                                                By his Counsel,

Dated: March 7, 2017                        /s/Gary W. Cruickshank, Esq.
                                                21 Custom House Street
                                                Suite 920
                                                Boston MA 02110
                                                (617) 330-1960
                                                (BBO107600)
                                                gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that on March 7, 2017, I electronically filed with the Clerk of the Bankruptcy Court, the attached Notice and served same in the following manner upon the interested parties:

E-mail service:  via the Court's CM/ECF system which sent notification of such filing to the following:

- **John Fitzgerald**     USTPRegion01.BO.ECF@USDOJ.GOV
- **Paula Bachtell**     Paula.Bachtell@usdoj.gov
- **John O. Desmond**     trustee@jdesmond.com
- **Mark E. Barnett**     owholmesjr@aol.com
- **Thomas S. Vangel**     tvangel@murthalaw.com
- **Kenneth A. Cossingham**     kcossingham@cossinghamlaw.com

                                                /s/Gary W. Cruickshank, Esq.