UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

In Re:                              )
JAMES F. MCAULIFFE          )          Chapter 7
        Debtor                     )          Case No. 16-11089-MSH
-------------------------------------

## MOTION OF DEBTOR FOR ORDER AVOIDING JUDICIAL LIEN OF J. THOMAS FRANKLIN AND ARTHUR A. KLIPFEL

To the Honorable Melvin S. Hoffman, Bankruptcy Judge:

The Debtor in the above captioned case hereby moves, pursuant to 11 U.S.C. §522(f),

Rule 4003(d) of the Federal Rules of Bankruptcy Procedure and M.L.B.R. 4003-1, to avoid a

judicial lien impairing the exemption of the value of the interest of said Debtor in his residence

and the Debtor submits the following in support thereof:

1.   The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy

Code in this Court on March 28, 2016 (the "Filing Date").

2.   The Debtor and his non-Debtor spouse (the "Owners") own the property known and

numbered as 23 Gurney Street, Cambridge, Middlesex County, Massachusetts, (hereinafter the

"Residence").  Said Residence is the residence of the Owners.

3.   The fair market value of the Residence as of the Filing Date is scheduled at

$1,288,500.00.[1]  The Owners exempted $225,000.00 of the value of their interest in the

Residence in accordance with 11 U.S.C. §522(b)(3) and Mass. General Laws c.188 § 1.  A copy

of an appraisal of the Real Estate dated January 27, 2016 is annexed hereto and marked Exhibit

---

[1] This figure was utilized by prior counsel to the Debtor to indicate ½ of the value of the Residence.

A.  A copy of the schedule of exemptions of the Debtor is annexed hereto and marked Exhibit B.

A copy of the Declaration of Homestead is annexed hereto and marked Exhibit C.

    4.  The Bankruptcy Code provides, in pertinent part, that the Debtor "may avoid the

fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an

exemption to which the debtor would have been entitled under subsection (b) of this section" if

this lien is a judicial lien. See 11 U.S.C. §522(f)(1)(A).

    5.  A lien impairs an exemption "to the extent that the sum of -- (i) the lien; (ii) all other

liens on the property; and (iii) the amount of the exemption that the debtor could claim if there

were no liens on the property, exceeds the value that the Debtor's interest in the property would

have in the absence of any liens" 11 U.S.C. §522(f)(2)(A).

    6.  As of the Filing Date, the Residence is encumbered by the following valid non-

judicial, consensual liens:

      (A) First mortgage to Emigrant Mortgage Co. in the amount of    $1,088,564.00
      (B) Second mortgage to February Investors Mortgage in the
         amount of
            $1,842,860.90[2]

    7.  The total non-judicial, consensual mortgage/liens as of the Filing Date is

$2,931,424.90 (hereinafter the "Senior Liens").

    8.  Deducting the $2,931,424.90 consensual debt secured by the Senior Liens from

$1,288,500.00, the value of the Residence, there is (-$1,642,924.90) in value before the judicial

lien indicated below.  The value of the interest of the Owners in the Residence is therefore

(-$1,642,924.90) before the judicial lien indicated below.

    9.  The following judicial lien impairs the exemption in the Residence:

---

[2] The second mortgage is in the name of Mr. McAuliffe only and not his wife.

a)  A Writ of Execution against the Debtor in favor of J. Thomas Franklin and

Arthur A. Klipfel (the "Judicial Lien").  A copy of the Judicial Lien is annexed

hereto and marked as Exhibit C.  The address for the creditor is 129 Mt. Auburn

Street, Cambridge, MA 02138 and c/o Robert E. Fierman, Esq., 678

Massachusetts Avenue, #600, Cambridge MA 02139.

10.  The face amount of the Judicial Lien as of July 31, 2013 was $1,093,406.98.

11.  The Writ of Execution was issued by the Suffolk Superior Court on July 31, 2013

and is recorded as follows:

a)  Middlesex County Registry of Deeds, recorded on November 18, 2013, Book

No. 62939, Pages 56-57.

12.  The Judicial Lien is a judicial lien within the meaning of 11 U.S.C. §101(36), (37)

and 522(f)(1)(A).

13.  There are other judicial liens on the Residence totaling $20,336,858.64.[3]  The names

and addresses of said lienholders are as follows:

RBS Citizens Bank [4]
1 Citizens Plaza
Providence RI 02903
Attn: Ellen Alemany, Chairman/President
Amount of Lien: $235,000.00

Cornetta, Ficco, Simmler & Vallee P.C.
c/o John P. Vignone, Esq.
14 Common Street
Wrentham MA 02093
Amount of Lien: $8,953.23

EREF Mezzanine Fund, LLC
c/o Alan M. Cohen, Esq.
550 Worcester Road

---

[3]  These judicial liens were not utilized in the 522(f) formula.
[4]  This judicial lien was recently avoided pursuant to an Order of this Court dated February 28, 2019.

Framingham MA 01702
Amount of Lien: $2,915,000.00

J. Thomas Franklin, Arthur A. Klipfel, Gwendolen G. Noyes and
Oaktree AKGN, LLC
c/o Robert E. Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139
Amount of Lien: $39,487.86

The Granite Group Wholesalers, LLC
c/o Alan Mark Cohen, Esq.
550 Worcester Road
Framingham MA 01702
Amount of Lien: $8,580.10

Jackson Lumber & Millwork Co. Inc.
c/o Wendy R. Olinsky, Esq.
380 Merrimack Street, Suite 2E
Methuen MA 01844
Amount of Lien: $22,920.72

Art Klipfel and Gwendolen Noyes
c/o Robert Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139
Amount of Lien: $138,654.23

National Lumber Company
c/o Mark Edward Barnett, Esq.
71 Maple Street
PO Box 9032
Mansfield MA 02048
Amount of Lien: $190,812.46

Oaktree AKGN, LLC
c/o Robert Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139
Amount of Lien: $52,172.32

Webster Bank N.A.
137 Bank Street
Waterbury CT 06702
Attn: President
Amount of Lien:  $16,725,277.72

4

14. The sum of (i) the total of the Judicial Lien, $1,093,406.98 plus (ii) all other unavoided consensual liens on the Residence, $2,931,424.90 plus (iii) the amount of the exemption that the Debtor could claim if there were no liens on the property, $225,000.00 is $4,249,831.88.

15. This total exceeds (-$1,642,924.90), the value that the interest in the Residence would have in the absence of any lien 11 U.S.C. 522(f)(2)(A).

16. Pursuant to 11 U.S.C. §522(f)(2)(A), the Judicial Lien totally impairs the exemption. The Debtor has claimed an exemption pursuant to 11 U.S.C. 522(b)(3) and Mass. General Laws c.188 § 1.

17. The Judicial Lien should be avoided pursuant to 11 U.S.C. 522(f).

18. The Debtor contends that the Judicial Lien is entirely avoidable.

19. The Judicial Lien does not relate to a judgment arising out of a mortgage foreclosure.

20. This Judicial Lien does not secure a debt of the kind specified in 11 USC 523(a)(5).

WHEREFORE, the Debtor prays that this Court enter an order:

1. Avoiding and discharging the Judicial Lien; and

2. Granting such other and further relief as is just.

James F. McAuliffe
By his Counsel,

Dated: March 6, 2019

/s/Gary W. Cruickshank, Esq.
21 Custom House Street, Suite 920
Boston MA 02110
(617)330-1960
(BBO107600)
gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that on March 6, 2019, I electronically filed with the Clerk of the Bankruptcy Court, the foregoing Motion and served same in the following manner upon the interested parties:

Email service: via the Court's CM/ECF system which sent notification of such filing to the following:

- **Paula R.C. Bachtell**   paula.bachtell@usdoj.gov
- **Joseph H. Baldiga**   jbaldiga@mirickoconnell.com, bankrupt@mirickoconnell.com
- **Mark E. Barnett**   owholmesjr@aol.com, dsimoes@national-lumber.com;kbeattie@national-lumber.com;dmanning@national-lumber.com
- **Kenneth A. Cossingham**   kcossingham@cossinghamlaw.com, emathieu@cossinghamlaw.com;jjenkins@cossinghamlaw.com
- **Elizabeth Dailey**   bd@dgandl.com, jf@dgandl.com;rjl@dgandl.com;mbd@dgandl.com
- **Mark G. DeGiacomo**   mdegiacomo@murthalaw.com, kbratko@murthalaw.com
- **John O. Desmond**   trustee@jdesmond.com, jdesmond@ecf.epiqsystems.com
- **John Fitzgerald**   USTPRegion01.BO.ECF@USDOJ.GOV
- **Jennifer L. Hertz**   Jennifer.L.Hertz@usdoj.gov
- **Jonathan Horne**   jhorne@murthalaw.com, lmulvehill@murthalaw.com
- **Anthony Leone**   aleone@murthalaw.com, rlawless@murthalaw.com
- **Reneau J. Longoria**   rjl@dgandl.com, jf@dgandl.com;bd@dgandl.com;mbd@dgandl.com
- **John B O'Donnell**   odonnellj@dor.state.ma.us
- **Thomas S. Vangel**   tvangel@murthalaw.com

By certified mail, return receipt requested upon the lienholder at the following addresses:

J. Thomas Franklin and Arthur A. Klipfel
c/o Robert E. Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139

J. Thomas Franklin and Arthur A. Klipfel
129 Mt. Auburn Street
Cambridge MA 02138

And by regular United States mail, postage prepaid upon the following:

**BMW Financial Services NA, LLC**
c/o Ascension Capital Group
P.O. Box 201347
ARLINGTON, TX 76006

**James Curley**
William F. Curley, Jr. Associates
982A Boston Post Road
Marlboro, MA 01752

**Craig Jalbert**
Verdolino & Lowey, P.C.
124 Washington Street
Foxboro, MA 02035

**Murtha Cullina, LLP**
99 High Street
Boston, MA 02110

**Michael Saperstein**
Paul E. Saperstein Co.
144 Centre Street
Holbrook, MA 02343

**Webster Bank N.A.**
137 Bank Street
Waterbury, CT 06702

RBS Citizens, N.A.
1 Citizens Plaza
Providence RI 02903
Attn: Ellen Alemany, Chairman, President and CEO

RBS Citizens, N.A.
c/o Jack Mikels & Associates
1 Batterymarch Park
Suite 309
Quincy MA 02169

Cornetta, Ficco, Simmler & Vallee P.C.

c/o John Paul Vignone, Esq.
Vignone & Vignone, LLP
14 Common Street
Wrentham MA 02093

Cornetta, Ficco, Simmler & Vallee P.C.
4 West Street
Franklin MA 02038
Attn: Richard R. Cornetta, Jr., President

EREF Mezzanine Fund, LLC
c/o Alan M. Cohen, Esq.
550 Worcester Road
Framingham MA 01702

EREF Mezzanine Fund, LLC
1535 N. Elston Avenue
Chicago IL 60642
Attn: Peter Thomas Wall, Authorized Agent

J. Thomas Franklin, Arthur A. Klipfel, Gwendolen G. Noyes,
Oaktree AKGN, LLC
c/o Robert E. Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139

J. Thomas Franklin, Arthur A. Klipfel, Gwendolen G. Noyes
Oaktree AKGN LLC
129 Mt. Auburn Street
Cambridge MA 02138

The Granite Group Wholesalers, LLC
c/o Alan Mark Cohen, Esq.
550 Worcester Road
Framingham MA 01702

The Granite Group Wholesalers, LLC
6 Storrs Street
Concord NH 03301
Attn: Kevin Condron, Manager

Jackson Lumber & Millwork Co. Inc.
c/o Wendy R. Olinsky, Esq.
380 Merrimack Street, Suite 2E
Methuen MA 01844

Jackson Lumber & Millwork Co. Inc.
PO Box 449
215 Market Street
Lawrence MA 01843
Attn: Mark Thomas Torrisi, President

Art Klipfel and Gwendolen Noyes
c/o Robert Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139

Arthur A. Klipfel and Gwendolen Noyes
129 Mt. Auburn Street
Cambridge MA 02138

National Lumber Company
c/o Mark Edward Barnett, Esq.
71 Maple Street
PO Box 9032
Mansfield MA 02048

National Lumber Company
71 Maple Street
PO Box 9032
Mansfield MA 02048
Attn: Manuel M. Pina, President

Oaktree AKGN, LLC
c/o Robert Fierman, Esq.
678 Massachusetts Avenue, #600
Cambridge MA 02139

Oaktree AKGN LLC
129 Mt. Auburn Street
Cambridge MA 02138

Webster Bank N.A.
137 Bank Street
Waterbury CT 06702
Attn: John R. Ciulla, President

/s/Gary W. Cruickshank, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

In Re:                          )
JAMES F. MCAULIFFE              )        Chapter 7
      Debtor                    )        Case No. 16-11089-MSH
------------------------------------

## ORDER ON MOTION OF DEBTOR FOR ORDER AVOIDING JUDICIAL LIEN OF J. THOMAS FRANKLIN AND ARTHUR A. KLIPFEL

The Debtor has moved to avoid the following judicial lien pursuant to 11 U.S.C. § 522

(f);

A Writ of Execution in favor of J. Thomas Franklin and Arthur A. Klipfel against the

Debtor, issued by the Suffolk Superior Court, and recorded with the Middlesex County Registry

of Deeds, on November 18, 2013, Book 62939, Pages 56-57 and any prior attachments relative

thereto (hereinafter the "Judicial Lien").

It is hereby ORDERED, ADJUDGED and DECLARED:

That the Motion of Debtor to Avoid Judicial Lien is ALLOWED and that the above

stated Judicial Lien is avoided in full pursuant to 11 U.S.C. § 522 (f);

Pursuant to 11 U.S.C. § 349(b)(1)(B) said judicial lien shall be reinstated if the case is

dismissed unless the Court, for cause, subsequently orders otherwise.

Dated: _____

_____
Melvin S. Hoffman, Bankruptcy Judge

# EXHIBIT A

Real Estate Appraisals, Inc.

File No. 20032m

02/03/2016

Mr. James F. McAuliffe
23 Gurney Street
Cambridge, MA 02138

File Number:  20032m

Dear Mr. McAuliffe

In accordance with your request, I have appraised the real property at:

23 Gurney Street
Cambridge, MA  02138

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   January 27, 2016                         is:

$2,577,000
Two Million Five Hundred Seventy-Seven Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

Thank you for your business

Michael E. Williams
MACR#3992
EXP 07/12/2017

Real Estate Appraisals, Inc.

File No. 20032m

## APPRAISAL OF



### LOCATED AT:

23 Gurney Street
Cambridge, MA  02138

### CLIENT:

James F. McAuliffe
23 Gurney Street
Cambridge, MA 02138

### AS OF:

January 27, 2016

### BY:

Michael E Williams
MACR#3992

## Residential Appraisal Report

File No. 20032m

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

**PURPOSE**

Client Name/Intended User  James F. McAuliffe
E-mail Jmcauliffe54@gmail.com

Client Address  23 Gurney Street
City Cambridge
State MA
Zip 02138

Additional Intended User(s)  Any private parties with an ownership interest in the subject property and/or their assignees.  No other users are identified by the appraiser.

Intended Use  To develop and communicate the opinion of current market value of the subject property as defined herein only for use by the users identified herein for determination of current market value. No other use/users are identified by the appraiser.

**SUBJECT**

Property Address 23 Gurney Street
City Cambridge
State MA
Zip 02138

Owner of Public Record James F. McAuliffe and Robin S.Gilbert
County Middlesex

Legal Description Book 44610 Page:258 / Middlesex South Registry of Deeds

Assessor's Parcel # 236-91
Tax Year 2016
R.E. Taxes $ 11,690

Neighborhood Name  West Cambridge/Huron Village
Map Reference Msa 15764
Census Tract 3542.00

Property Rights Appraised  [X] Fee Simple   [ ] Leasehold   [ ] Other (describe)

My research [X] did  [ ] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer.  Date 02/08/2005
Price 1999999
Source(s) MLS-PIN/Deed

**SALES HISTORY**

Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)  The subject was purchased by the current owners as indicated above.  No sale was noted on the subject in the past 36 months and no sales, other than cited, were noted on the comparables in the past 12 months.

Offerings, options and contracts as of the effective date of the appraisal   The subject is not listed for sale, per MLS-PIN.

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location [X] Urban | [ ] Suburban | [ ] Rural | Property Values | [X] Stable | [ ] Declining | PRICE | AGE | One-Unit | 30% % |
| Built Up [X] Over 75% | [ ] 25-75% | [ ] Under 25% | Demand/Supply | [X] Shortage | [ ] Over Supply | $(000) | (yrs) | 2-4 Unit | 20% % |
| Growth [ ] Rapid | [X] Stable | [ ] Slow | Marketing Time | [X] Under 3 mths | [ ] 3-6 mths | 450 Low | 0 | Multi-Family | 35% % |

Neighborhood Boundaries  The subject's market area is bordered by Route 16 to the north, the Charles River to the south, Massachusetts Avenue to the east and the Fresh Pond Parkway to the west.

| | | | | | | 7500 High | 200 | Commercial | 10% % |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 1542 Pred. | 60 | Other Other | 5% % |

Neighborhood Description  See attached addendum.

Market Conditions (including support for the above conclusions)   There were 109 single family sales in Cambridge in the past 12 months with an average sales price of $1,542,000 and an average marketing time of 31 days. Presently there are 19 single family homes listed or pending with an average list price of $1,907,000 and an average marketing time of 37 days on the market. See attached addendum.

**SITE**

Dimensions See attached deed
Area 3795 sf
Shape Rectangular
View Neighborhood

Specific Zoning Classification  B
Zoning Description Residential (5000 sf/50 ft fr Minimum)

Zoning Compliance [ ] Legal  [X] Legal Nonconforming (Grandfathered Use)  [ ] No Zoning  [ ] Illegal (describe)

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes  [ ] No  If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street Asphalt | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley None | | |

Site Comments  The subject site is average size for the area with usable yard area. There is off street parking at the side. The subject site does not meet current frontage requirements and is a pre-existing, legal, non-conforming, grandfathered use.  In the event the improvements are destroyed, they may be rebuilt to its current density in accordance with Massachusetts General Laws, chapter 40A Paragraph 6. This is not uncommon due to zoning changes over time and is market accepted. No adverse easements or encroachments noted.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | FOUNDATION | EXTERIOR DESCRIPTION  materials | INTERIOR  materials |
|---|---|---|---|
| Units [X] One [ ] One w/Acc. unit | [ ] Concrete Slab [ ] Crawl Space | Foundation Walls Concrete/average | Floors Hardwood/good |
| # of Stories 2.75 | [X] Full Basement [ ] Partial Basement | Exterior Walls Wood/average | Walls Plaster/good |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area 1224 sq. ft. | Roof Surface Asphalt shingle/good | Trim/Finish Wood/good |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish 90 % | Gutters & Downspouts Metal/good | Bath Floor Ceramic tile/good |
| Design (Style) Colonial | [X] Outside Entry/Exit [ ] Sump Pump | Window Type Thermal/good | Bath Wainscot Ceramic tile/good |
| Year Built 1916 | | Storm Sash/Insulated Yes/good | Car Storage [ ] None |
| Effective Age (Yrs) 5-10 | | Screens Yes/good | [X] Driveway # of Cars 1 |
| Attic [X] None | Heating [X] FWA [ ] HW [ ] Radiant | Amenities WoodStove(s) #0 | Driveway Surface Brick |
| [ ] Drop Stair [ ] Stairs | [ ] Other Fuel Gas | [X] Fireplace(s) # 2 [ ] Fence None | [ ] Garage # of Cars |
| [ ] Floor [ ] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck Patio [ ] Porch Cvrd/opn | [ ] Carport # of Cars |
| [ ] Finished [ ] Heated | [ ] Individual | [ ] Pool None [ ] Other None | [ ] Att. [ ] Det. [ ] Built-in |
| Appliances [X] Refrigerator [X] Range/Oven | [X] Dishwasher [X] Disposal [X] Microwave | [ ] Washer/Dryer [ ] Other (describe) | |

Finished area above grade contains:   8 Rooms   4 Bedrooms   3.1 Bath(s)   3,184 Square Feet of Gross Living Area Above Grade

Additional Features  Patio, porches, 2 fireplaces, good quality finished basement with full bathroom.

Comments on the Improvements   The subject property is an above average size and quality wood frame,colonial style dwelling which has been well maintained and extensively renovated approximately 10 years ago. Overall condition is good. The subject has a functional layout with adequate room sizes and closet space with high quality materials and workmanship throughout. Modern kitchen with soapstone counters and an open floor plan to adjacent family room. Modern renovated bathrooms.  All systems are newer and appear functional and adequate.The exterior and roof are in good repair with some mildew on the exterior, not adverse. 200 amp electric service by circuit breakers and HVAC by gas system appear functional and adequate.  No inadequacies were noted.



Residential Appraisal Report     File No. 20032m

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 23 Gurney Street Cambridge, MA 02138 | 19 Rutland Street Cambridge, MA 02138 | | 30 Arlington Street Cambridge, MA 02140 | | 17 Hurlbut Street Cambridge, MA 02138 | |
| Proximity to Subject | | 0.91 miles NE | | 0.93 miles NE | | 0.94 miles NE | |
| Sale Price | $ N/A | $ | 2,600,000 | $ | 2,525,000 | $ | 2,450,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 1,077.50 sq. ft. | | $ 582.87 sq. ft. | | $ 815.85 sq. ft. | |
| Data Source(s) | | MLS-PIN#71795049/Broker | | MLS-PIN#71845290/Broker | | MLS-PIN#71835777/Broker | |
| Verification Source(s) | | Registry/assessor | | Registry/assessor | | Registry/assessor | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | | None known Days on mkt 7 | | None known Days on mkt 7 | | None known Days on mkt 37 | |
| Date of Sale/Time | | 05/01/2015 | 0 | 08/31/2015 | 0 | 07/29/2015 | 0 |
| Location | Good | Good | | Good | | Good | |
| Leasehold/Fee Simple | Fee simple | Fee simple | | Fee simple | | Fee simple | |
| Site | 3795 sf | 4732 sf | 0 | 8131 sf | -20,000 | 5092 sf | 0 |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design (Style) | Colonial | Colonial | | Colonial | | Colonial | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 100 Years | 174 Years | 0 | 140 Years | 0 | 122 Years | 0 |
| Condition | Good | Good | | Inferior | +126,250 | Good | |
| Above Grade | Total 8 Bdrms 4 Baths 3.1 | Total 9 Bdrms 4 Baths 3.1 | 0 | Total 13 Bdrms 5 Baths 3.1 | 0 | Total 10 Bdrms 5 Baths 3.1 | 0 |
| Room Count | | | | | | | |
| Gross Living Area 60.00 | 3,184 sq. ft. | 2,413 sq. ft. | +46,300 | 4,332 sq. ft. | -68,900 | 3,003 sq. ft. | +10,900 |
| Basement & Finished Rooms Below Grade | Full Finished w/bath | Full Unfinished | +20,000 | Full Finished w/1/2 bath | +5,000 | Full Unfinished | +20,000 |
| Functional Utility | Good | Good | | Good | | Good | |
| Heating/Cooling | Central/cac | Central/none | +10,000 | Central/none | +10,000 | Central/Part.Cac | +7,500 |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | Driveway | 1 Car Garage | -10,000 | Driveway | | Driveway | |
| Porch/Patio/Deck | Patio/Porches | Patio/Porch | 0 | Patio/Porches | 0 | Patio/Porch/Deck | 0 |
| Amenities | 2 Fireplaces | 1 Fireplace | +5,000 | 2 Fireplaces | | 1 Fireplace | +5,000 |
| Net Adjustment (Total) | | [X] + [ ] -  $ | 71,300 | [X] + [ ] -  $ | 52,350 | [X] + [ ] -  $ | 43,400 |
| Adjusted Sale Price of Comparables | | Net Adj. 2.7% % Gross Adj. 3.5% % $ | 2,671,300 | Net Adj. 2.1% % Gross Adj. 9.1% % $ | 2,577,350 | Net Adj. 1.8% % Gross Adj. 1.8% % $ | 2,493,400 |

Summary of Sales Comparison Approach    The final opinion of value is reconciled toward the middle of the range of the adjusted indicators of value for similar dwellings in the area. Emphasis on comparables 1 and 3, the most recent sales. Gla adjusted at $50 sf. Lot size adjustment based on utility and appeal. No bedroom adjustment warranted by the market for similar style homes. Comparables 1 and 3 are similar in location and condition. Comparable 2 is adjusted 5% for inferior overall condition based on a conversation with the listing broker, this property needed updating. Comparable 1 sold $410,000 over list price and comparable 3 sold $140,000 over list price See attached addendum.

**COST APPROACH TO VALUE**

Site Value Comments    The cost approach was not developed.

| ESTIMATED [ ] REPRODUCTION OR [ ] REPLACEMENT COST NEW | OPINION OF SITE VALUE .......................................... = $ | | |
|---|---|---|---|
| Source of cost data N/a | Dwelling | Sq. Ft. @ $ | .................. = $ 0 |
| Quality rating from cost service N/a   Effective date of cost data N/a | | Sq. Ft. @ $ | .................. = $ 0 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | |
| The cost approach was not developed. It is not reliable indicator of value for | Garage/Carport 0 | Sq. Ft. @ $ | .................. = $ 0 |
| older homes. The estimated remaining economic life is 55-60/65 years | Total Estimate of Cost-New | | .................. = $ 0 |
| reflecting renovated condition. | Less   Physical   Functional   External | | |
| | Depreciation | | = $ ( 0) |
| | Depreciated Cost of Improvements ............................ = $ 0 | | |
| | "As-is" Value of Site Improvements .......................... = $ | | |
| | INDICATED VALUE BY COST APPROACH ....................... = $ 0 | | |

**INCOME APPROACH TO VALUE**

Estimated Monthly Market Rent $   N/a   X Gross Rent Multiplier    = $    0   Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)   The income approach was not developed as condominiums in this market segment are not typically purchased as investments.

Indicated Value by: Sales Comparison Approach $2,577,000    Cost Approach (if developed) $ 0    Income Approach (if developed) $ 0

All three approaches to value were considered. The direct sales comparison approach was given full weight in the analysis as it best reflects the actions and intentions of willing buyers and sellers in the market. The cost approach was not developed as it is not a reliable indicator of value for older homes in fully developed neighborhoods where the market is driven by supply and demand. The income approach was not developed as condominiums in this market segment are not typically purchased as investments.

This appraisal is made [X] "as-is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, [ ] subject to the following:

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report is $   2,577,000 as of 01/27/2016     , which is the effective date of this appraisal.



Real Estate Appraisals, Inc.

Produced using ACI software, 800 234 8727 www.aciweb.com    This form Copyright © 2005-2014 ACI. All Rights Reserved (gPAR™) General Purpose Appraisal Report 12/2005 GPAR1004_05 11122014

ADDENDUM

| Client: James F. McAuliffe | | File No.: 20032m | |
|---|---|---|---|
| Property Address: 23 Gurney Street | | Case No.: | |
| City  Cambridge | State:  MA | | Zip  02138 |

**Neighborhood Description**
The subject is located on a residential street in the Huron Village neighborhood of West Cambridge.  Area dwellings consist of a compatible mix of single, 2-4 family dwellings with  apartment/ condominium buildings interspersed. Many homes in the area are above average in size and quality with property values among the highest in the City. Commercial influence is local retail/service and a nearby hospital.  The subject is within close proximity to public transit lines and all amenities are within a 2 mile radius. Secondary routes and Route I-90 provide access to employment centers. The neighborhood is close to Boston and Cambridge employment centers and universities as well as all amenities. "Other" under present land use represents local parks, cemeteries, schools,vacant land,industrial influence and religious facilities. Cambridge is adjacent to the City of Boston. No unfavorable factors noted.

**Neighborhood Market Conditions**
Most transaction involve conventional financing.  Buydowns are not common  in this market.  According to MLS-PIN data, the typical marketing time for similar homes in this market area is under 3 months.Local brokers report good demand for similar homes in the area with a shortage of inventory. Values appear to be stable after increasing over the past several years.

The appraiser has researched all available data sources including the Multiple Listing Service (MLS-PIN) and the Assessor's records.  Conclusions regarding market conditions are based on these sources as well as conversations with local brokers and the appraiser's expertise in the subject's market area.

**Comments on Sales Comparison**
The sales cited were among the most recent and similar available and would be considered as alternatives by the typical buyer. After verification it is not uncommon for GLAs and key characteristics to vary from MLS-PIN or other public records due to Assessor inaccuracy (eg; inclusion of finished basement) or due to listing Broker exaggeration.

The Appraiser considered other sales and listings in the preparation of this report. The search for comparables focused on finding the most similar properties in terms of  location, lot size, age, house size, utility, condition, quality and style.  Comparables most proximate to the subject are favored whenever bracketing allows. The comparables cited were the most recent and similar available on the date of inspection which could be verified. Condition ratings are based on listing photographs and broker descriptions and based on recent renovations and/or newer construction as well fixtures and finishes, primarily in kitchens and bathrooms.Condition adjustments do always equal actual remodeling costs and are estimated.

**Extra Comments**
Clarification of Intended Use and Intended User; The Intended User of this appraisal report is the Client. The Intended Use is to evaluate the property that is the subject of this appraisal for determination of market value for legal proceedings, subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and Definition of Market Value. No additional Intended Users are identified by the appraiser.

The final opinion of value reflects an exposure time of 1-2 months based on historical MLS market data for the past 3-6 months. Definition of exposure time: estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.Exposure time is a retrospective opinion based on an analysis of past events assuming a competitive and open market.

The appraiser has performed no other services, as an appraiser or in an other capacity, regarding the property that is the subject of this report within the three year period immediately preceding acceptance of this assignment.

File No. 20032m

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

**Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.**

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions
The purpose of this appraisal is to provide an opinion of market value effective 01/27/2016 for a single family dwelling in fee simple ownership.



This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report  12/2005
GPARLIM_05 06112008

File No. 20032m

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:

Additional Certifications:

---

Definition of Value:  [X] Market Value     [ ] Other Value: _____

Source of Definition: FIRREA

The purpose of this report, the source for the definition of market value is from regulations published by federal regulator agencies pursuant to title XI of the Federal Institutions Reform, Recovery and Enforcement act (Firrea of 1989).

Definition of market value:

The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus   Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: buyer and seller are typically motivated; both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest, a reasonable time is allowed for exposure in the open market; payment is made in terms of cash in U. S. Dollars or in terms of financial arrangements comparable thereto; and the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

---

ADDRESS OF THE PROPERTY APPRAISED:

23 Gurney Street

Cambridge, MA 02138

EFFECTIVE DATE OF THE APPRAISAL: January 27, 2016

APPRAISED VALUE OF THE SUBJECT PROPERTY $ 2,577,000

| APPRAISER | SUPERVISORY APPRAISER |
|---|---|
| Signature: | Signature: |
| Name:  Michael E. Williams | Name: |
| State Certification #  MACR#3992 | State Certification # |
| or License # | or License # |
| or Other (describe) _____ State #: ____ | State: |
| State: MA | Expiration Date of Certification or License: |
| Expiration Date of Certification or License:  07/12/2017 | Date of Signature: |
| Date of Signature and Report  02/04/2016 | Date of Property Viewing: |
| Date of Property Viewing:  01/27/2016 | Degree of property viewing. |
| Degree of property viewing | [ ] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view |
| [X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view | |

Produced using ACI software, 800 234 8727 www.aciweb.com
Page 2 of 2

This form Copyright © 2005-2018 ACI Division of ISO Claims Services, Inc.  All Rights Reserved
(gPAR™) General Purpose Appraisal Report  12/2005
GPARUM_05 09112008



Real Estate Appraisals, Inc.

| Client: | James F. McAuliffe | | File No.: | 20032m |
|---|---|---|---|---|
| Property Address: 23 Gurney Street | | | Case No.: | |
| City: Cambridge | | State: MA | Zip: 02138 | |



**FRONT VIEW OF
SUBJECT PROPERTY**



**REAR VIEW OF
SUBJECT PROPERTY**



**STREET SCENE**

| Client: | James F. McAuliffe | | File No.: | 20032m |
|---|---|---|---|---|
| Property Address: | 23 Gurney Street | | Case No.: | |
| City: Cambridge | | State: MA | | Zip: 02138 |



Additional front



Opposite street scene



Address verification



Patio

FLOORPLAN SKETCH

| Client: James F. McAuliffe | File No.: 20032m |
| Property Address: 23 Gurney Street | Case No.: |
| City: Cambridge | State: MA | Zip: 02138 |



**AREA CALCULATIONS SUMMARY**

| Code | Description | Factor | Net Size | Perimeter | Net Totals |
|------|-------------|--------|----------|-----------|------------|
| GLA1 | First Floor | 1.0 | 1224.0 | 148.0 | 1224.0 |
| GLA2 | Second Floor | 1.0 | 1224.0 | 148.0 | 1224.0 |
| GLA3 | Third Floor | 1.0 | 736.0 | 124.0 | 736.0 |

Net LIVABLE                (rounded)     3,184

**AREA CALCULATIONS BREAKDOWN**

| Name | Base x | Height x | Width = | Area |
|------|--------|----------|---------|------|
| First Floor | | 14.0 x | 2.0 = | 28.0 |
| | | 46.0 x | 26.0 = | 1196.0 |
| Second Floor | | 14.0 x | 2.0 = | 28.0 |
| | | 46.0 x | 26.0 = | 1196.0 |
| Third Floor | | 46.0 x | 16.0 = | 736.0 |

5 total items                (rounded)     3,184

Sketch by Apex Sketch

© Startzap Marketing, LLC dba Apex Software

| Client: James F. McAuliffe | | |
|---|---|---|
| Property Address: 23 Gurney Street | | Case No.: |
| City: Cambridge | State: MA | Zip: 02138 |

File No.: 20032m



**COMPARABLE SALE #1**

19 Rutland Street
Cambridge, MA 02138



**COMPARABLE SALE #2**

30 Arlington Street
Cambridge, MA 02140



**COMPARABLE SALE #3**

17 Hurlbut Street
Cambridge, MA 02138

LOCATION MAP

| Client: James F. McAuliffe | | File No.: 20032m |
| Property Address: 23 Gurney Street | | Case No.: |
| City: Cambridge | State: MA | Zip: 02138 |



Subject
23 Gurney Street
Cambridge, MA 02138

Comparable Sale 1
19 Rutland Street
Cambridge, MA 02138
0.91 miles NE

Comparable Sale 2
30 Arlington Street
Cambridge, MA 02140
0.93 miles NE

Comparable Sale 3
17 Hurlbut Street
Cambridge, MA 02138
0.94 miles NE

FLOOD MAP

| Client: James F. McAuliffe | | File No.: 20032m | |
|---|---|---|---|
| Property Address: 23 Gurney Street | | Case No.: | |
| City: Cambridge | State: MA | | Zip: 02138 |



Subject
23 Gurney St
Cambridge, MA  02138

**FLOOD INFORMATION**

**Community:** City of Cambridge

Property is NOT in a FEMA Special Flood Hazard Area

**Map Number:** 25017C0419E

**Panel:** 0419E

**Zone:** X

**Map Date:** 06-04-2010

**FIPS:** 25017

**Source:** FEMA DFIRM

**LEGEND**

= FEMA Special Flood Hazard Area - High Risk

= Moderate and Minimal Risk Areas

Road View:

= Forest

= Water

**Sky Flood™**

No representations or warranties to any party concerning the content, accuracy or completeness of this flood report, including any warranty of merchantability or fitness for a particular purpose is implied or provided. Since scaling factors differ between map types and on separate Base flood zone information or market location. No liability is accepted to any third party for use or misuse of this flood map or its data.

| Client: James F. McAuliffe | | File No.: 20032m | |
|---|---|---|---|
| Property Address: 23 Gurney Street | | Case No.: | |
| City: Cambridge | State: MA | | Zip: 02138 |

Bk: 44610 Pg: 258

MASSACHUSETTS EXCISE TAX
Southern Middlesex District ROD # 001
Date: 02/08/2005 02:16 PM
Ctrl# 046807 15899 Doc# 00026953
Fee: $9,120.00 Cons: $1,999,999.00

**QUITCLAIM DEED**



Bk: 44610 Pg: 258   Doc: DEED
Page: 1 of 1   02/08/2005 02:16 PM

Merope Deluca of Mashpee, Massachusetts

For consideration paid of ONE MILLION NINE HUNDRED NINETY NINE THOUSAND, AND
00/100 ($1,999,999.00) Dollars *Nine Hundred Ninety Nine Dollars*

grant to:   JAMES F. MCAULIFFE AND ROBIN GILBERT, of 8 Gloucester Street, Boston,
Massachusetts, with Quitclaim Covenants
*+ Husband + wife tenants by the entirety*

A parcel of land, with the buildings thereon, situated in Cambridge, Middlesex County,
Massachusetts, being now numbered 23 Gurney Street and being shown as Lot C on a plan
entitled "Plan of Land in Cambridge, owned by B.A. Rice" dated April 14, 1910 by Charles J.
Elliot, Engineer and Surveyor, recorded with Middlesex South District Registry of Deeds, at the
end of Book 3726, being bounded and described as follows:

SOUTHEASTERLY  by said Gurney Street, forty three (43) feet;

SOUTHWESTERLY by Lot B on said plan, eight seven and 48/100 (87.48);

NORTHWESTERLY by land owners unknown, forty three and 02/100 (43.02) feet;  and

NORTHEASTERLY BY Lot D on said plan, eighty nine and 01/100 (89.01).

Subject to and with the benefit of all easements, rights and restrictions of record as same may be
in full force, effect and applicable.

For title see deed dated July 15, 2003, recorded with said deeds Book  39979, Page 618.

Witness our hands and seals this  ___4th___ day of February , 2005

MEROPE DELUCA

**COMMONWEALTH OF MASSACHUSETTS**

Barnstable, ss                                                    February  4th , 2005

On this _____ day of February , 2005, before me, the undersigned notary public,
personally appeared  **Merope Deluca** proved to me through satisfactory evidence of
identification, which were _MA License_ , to be the person(s) whose
name is signed on the preceding or attached document; and acknowledged to me that
she signed it voluntarily for this stated purpose.

Notary Public
My Commission Expires

KATHLEEN A. MOOS
Notary Public
My Commission Expires
December 2, 2005

| Client: James F. McAuliffe | File No.: 20032m |
|---|---|
| Property Address: 23 Gurney Street | Case No.: |
| City: Cambridge | State: MA | Zip: 02138 |



# EXHIBIT B

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **James F McAuliffe** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MASSACHUSETTS | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **23 Gurney Street Cambridge, MA 02138  Middlesex County<br>Home is co-owned with non-filing spouse**<br>Line from *Schedule A/B*: **1.1** | $1,288,500.00 | ■ $225,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c.188, § 1** |
| **Misc. household items, including furniture**<br>Line from *Schedule A/B*: **6.1** | $4,000.00 | ■ $8,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c.235, § 34(2)** |
| **Lap top computer and cell phone<br>Location: 23 Gurney Street, Cambridge MA 02138**<br>Line from *Schedule A/B*: **7.1** | $500.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c.235, § 34(2)** |
| **Guitars (x4)<br>Location: 23 Gurney Street, Cambridge MA 02138**<br>Line from *Schedule A/B*: **9.1** | $3,000.00 | ■ $4,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c. 235, § 34(17)** |
| **Misc. clothing items<br>Location: 23 Gurney Street, Cambridge MA 02138**<br>Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Mass. Gen. Laws c.235, § 34(1)** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

# EXHIBIT C



20045128



Bk: 44810 Pg: 315    Doc: HOME
Page: 1 of 1    02/08/2005 02:16 PM

# DECLARATION OF HOMESTEAD

I, **James F. McAuliffe**, owning and occupying as my principal residence the premises located at, or known as, 23 Gurney Street, Cambridge, Massachusetts 02138, in the county of Middlesex, acquired by me by deed from Merope E. DeLuca and recorded with Middlesex South Registry of Deeds in/as Herewith, hereby declare a homestead in said premises pursuant to the provisions of Massachusetts General Laws, chapter 188, section 1.

I expressly reserve the right to myself, my spouse if I am then married, and to my executor or administrator, to subordinate, amend, revoke and release this homestead, without the necessity of consent by any minor or person having the right to claim the benefits or protections under said section.

Executed as a sealed instrument on this day, February 7, 2005.

_____
James F. McAuliffe

## COMMONWEALTH OF MASSACHUSETTS
### *Suffolk ss.*

On February 7, 2005, before me, the undersigned notary public, personally appeared the above named James F. McAuliffe proved to me through satisfactory evidence, which was his or her drivers license, to be the person whose name is signed on the preceding document and acknowledged to me that he or she signed it voluntarily for its stated purpose.

_____
George Warshaw, Notary Public

My Commission Expires: 3/18/05

OFFICIAL SEAL
GEORGE WARSHAW
NOTARY PUBLIC—MASSACHUSETTS
My Comm. Expires 3/18/2005

RECORDED & FILED
MIDDLESEX COUNTY
REGISTRY OF DEEDS
SOUTHERN DISTRICT
ATTEST:

_____
REGISTER

*GEORGE WARSHAW, ESQUIRE*
*143 NEWBURY STREET*
*BOSTON, MA 02116*

# EXHIBIT D

Case 16-11089   Doc 208   Filed 03/06/19   Entered 03/06/19 14:00:58   Desc Main
Document   Page 32 of 33

13034995

# Commonwealth of Massachusetts

**SUFFOLK, ss.**

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
FOR CIVIL BUSINESS

*To the Sheriffs of our Several Counties, or their Deputies, or to any Constable of our City of Boston,*

GREETING:

WHEREAS J. THOMAS FRANKLIN and ARTHUR A. KLIPFEL

.........................................................................

~~of Boston, within our County of Suffolk,~~ ...............................

2013 00240808
Bk: 62939 Pg: 56   Doc: EXEC
Page: 1 of 2   11/18/2013 10:46 AM

by the consideration of our Justices of our Superior Court, holden at Boston, for and within our County of Suffolk, aforesaid, to wit, on the .. thirty-first ...... day of ... July ...............
A.D. 20 12, recovered judgment against JAMES F. McAULIFFE, GERARD SAVARD, ABBOTT INVESTMENTS, LLC, ABBOTT REAL ESTATE DEVELOPMENT, LLC, ABBOTT CROSSING LLC, ABBOTT CONSTRUCTION, LLC, ABBOTT HOLDINGS, LLC,

**Civil Action No. 11-1879**

~~of said Boston,~~

**$1,093,406.98**

for the sum of .. one million ninety-three thousand four hundred six dollars and .. ninety-eight .. cents, damages, and ————————dollars and .......................cents, costs of suit, as to us appears of record, whereof execution remains to be done on this, the...... first ............... execution:...........................

**$1,093,406.98**

*Interest after Judgment in the sum of $117,150.72 included in Writ of Execution Rule 54(F)

We command you, therefore, that of the goods, chattels, or lands of the said judgment debtor, within your precinct, you cause to be paid and satisfied unto the said judgment creditor , at the value thereof in money, the aforesaid sums, being .. 1,093,406 .. dollars and .. 98 .. cents, in the whole, with interest thereon from said day of the ~~rendition of said judgment~~ issuance of execution, and thereof also to satisfy yourself for your own fees; ~~and for want of goods, chattels, or lands of the~~ said judgment debtor to be by shown unto you, or found within your precinct to the acceptance of the said judgment creditor to satisfy ~~the sums~~ aforesaid with interest as aforesaid we command you to take the *body* of the said judgment debtor , and commit unto our jail in Boston, in our County of Suffolk, or any jail in your precinct aforesaid, and detain in your custody within our jail, until pay the full sums above mentioned with your ~~fees; or that be discharged by the said judgment creditor , or~~ otherwise, by order of law. Hereof fail not, and make return of this writ with your doings thereon into the clerk's office of our said Court, at Boston within our County of Suffolk, within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

Witness, ~~Suzanne V. DelVecchio~~ Barbara J. Rouse, Esquire, at Boston, the .. thirty-first ................day of....... July ..............., in the year of our Lord two thousand .. and thirteen ...................

_____ Clerk/Magistrate

A TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex Court

FORM CIV. P. 74  5M  10/2000

MIDDLESEX SS.,                                                                    November 18, 2013

By virtue of this execution, which has been placed in my hands for the purpose of taking lands of the within-named judgment debtor(s), **JAMES F MCAULIFFE**, I this day at Nine o'clock and no minutes a.m., seized and took all the right, title and interest (not exempt by law from attachment on levy on execution) which the within-named, **JAMES F MCAULIFFE**, has in and to the following described real estate, to wit:

23 GURNEY Street , Cambridge, MIDDLESEX COUNTY

A parcel of land, with the buildings thereon, situated in Cambridge, Middlesex County, Massachusetts, being now numbered 23 Gurney Street and being shown as Lot C on a plan entitled "Plan of Land in Cambridge, owned by B.A. Rice" dated April 14, 1910 by Charles J. Elliot, Engineer and Surveyor, recorded with Middlesex South District Registry of Deeds, at the end of Book 3726, being bounded and described as follows:

SOUTHEASTERLY  by said Gurney Street, forty three (43) feet;

SOUTHWESTERLY by Lot B on said plan, eight seven and 48/100 (87.48);

NORTHWESTERLY by land owners unknown, forty three and 02/100 (43.02) feet;  and

NORTHEASTERLY  BY Lot D on said plan, eighty nine and 01/100 (89.01).

Subject to and with the benefit of all easements, rights and restrictions of record as same may be in full force, effect and applicable.

For title see deed dated July 15, 2003 , recorded with said deeds Book   39979, Page 618.

And I levied this execution thereupon.

And immediately afterward I suspended the further levy on this execution upon the above described real estate by written request of the attorney for the within-named judgment creditor.

**ROBERT E. FIERMAN, ESQ.**
**678 MASSACHUSETTS AV**
**#600**
**Cambridge, MA 02139**

LINDA JARKIAN
Deputy Sheriff